O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#12

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2771 PSG (MANx) | Date | August 19, 2011 |
|---|---|---|---|
| Title | Wesley Pate v. US Bank National Association, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):           Attorneys Present for Defendant(s):

Not Present                                            Not Present

**Proceedings:**   (In Chambers) Order DENYING Plaintiff's motion to vacate dismissal under Federal Rule of Civil Procedure 60(b)

   Before the Court is *pro se* plaintiff Wesley Pate's ("Plaintiff") motion for reconsideration of the Court's May 11, 2011 Order dismissing his Complaint. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to Plaintiff's motion, the Court DENIES the motion.

I.   Background

   In May of 2006, Plaintiff executed a promissory note to obtain a mortgage, which was secured by a deed of trust on residential property. *Compl.* ¶ 14; *Def. Request for Judicial Notice* ("*RJN*"), Exs. F, G. Plaintiff subsequently defaulted on the loan, and a Notice of Default and Notice of Trustee's Sale were recorded on the property. *Id.*, Exs. L, M. On March 1, 2011, Plaintiff filed a complaint against Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), Defendant U.S. Bank, N.A., erroneously sued as US BANCORP ("U.S. Bank"), and Defendant Mortgage Electronic Registration Systems's ("MERS") (together, "Defendants") in state court, asserting various claims arising from the origination of the loan. *See* Dkt. #1 (Notice of Removal) (Apr.1, 2011).

   On April 8, 2011, Defendants moved to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt # 7. Because Plaintiff failed to file and serve an opposition to the motion by April 25, 2011, the Court granted Defendants' motion and dismissed the case under Local Rule 7-12. *See* L.R. 7-12; *see also* Dkt. # 11 (May. 11, 2011).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#12

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-2771 PSG (MANx) | Date | August 19, 2011 |
|---|---|---|---|
| Title | Wesley Pate v. US Bank National Association, *et al.* | | |

Plaintiff now moves for relief under Federal Rule of Civil Procedure 60(b)(1), arguing that the Court should set aside its order dismissing the Complaint on grounds that Plaintiff's failure to oppose Defendant's motion to dismiss was "excusable neglect."

II.     Legal Standard

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment or order on the basis of "mistake, inadvertence, surprise, or excusable neglect." To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts in this Circuit apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)); *see also Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (applying the *Pioneer* factors to Rule 60(b) motions); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220 (9th Cir. 2000) (clarifying application of the test); *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc) (same).

III.    Discussion

In bringing this motion, Plaintiff claims that the Court should vacate its May 2011 Order dismissing Plaintiff's Complaint because Plaintiff's failure to oppose Defendant's motion to dismiss was due to mistake, surprise, inadvertence, and/or excusable neglect. The Court, however, disagrees that such relief is appropriate.

As noted above, in evaluating whether Plaintiff's conduct was excusable neglect, the Court must analyze the four factors articulated by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Three of these four factors cut in Plaintiff's favor. The first factor, the danger of prejudice to Defendant, appears to be minimal. *See Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (first factor not met where moving party showed no disadvantage "beyond that suffered by any party which loses a quick victory"). As for the second factor, the length of delay, Plaintiff first filed this motion on July 12, 2011, approximately two months after the Court dismissed the action. The litigation was in an early stage, and the Court had not yet set a date for trial. Thus, the length of the delay, and its potential impact on the judicial proceedings, is also minimal. *Bateman*, 231 F.3d at 1225. The

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#12

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-2771 PSG (MANx) | Date | August 19, 2011 |
|---|---|---|---|
| Title | Wesley Pate v. US Bank National Association, *et al.* | | |

fourth factor likewise supports granting the motion.  There is no evidence that Plaintiff acted in bad faith; his error appear to be the result of "negligence and carelessness, not . . . deviousness or willfulness."  *Id.*

However, contrary to Plaintiff's contention, the third factor, reason for delay, does not support a finding of excusable neglect.  Plaintiff claims that relief under Rule 60(b) is appropriate because his attorney, Veronica M. Aguilar, Esq., did not see an email from her paralegal and that her new office calendaring software was not operating properly.  *Mot*. 6:19-27 [Dkt. # 12 (July. 12, 2011)].  Such neglience or carelessness on the part of counsel, however, does not justify relief under Rule 60(b)(1).  *See Timbisha Shoshone Tribe v. Kennedy*, 267 F.R.D. 333, 336 (E.D. Cal. 2010) ("Rule 60(b)(1)'s reference to 'inadvertence or excusable neglect' does not authorize relief from the consequences of negligence or carelessness. Rather, it requires some justification for an error beyond a mere failure to exercise due care.") (internal citations omitted).  "As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)."  *Casey v. Albertson's Inc*., 362 F.3d 1254, 1260 (9th Cir. 2004).  The Ninth Circuit, moreover, has specifically stated that calendaring errors will not provide a basis for relief under Rule 60(b).  *See Rose v. Bonnet*, 402 Fed. Appx. 226, 228 (9th Cir. 2010) (holding that the district court did not abuse its discretion in denying reconsideration; neither plaintiff's counsel's calendaring mistakes nor professed ignorance of the law justified relief under Rule 60(b)).  Accordingly, the Court does not deem the neglect in this case excusable.  *See United States ex rel. Familian Northwest, Inc. v. RG & B Contractors, Inc.,* 21 F.3d 952, 956 (9th Cir.1994) ("Even a liberal interpretation of 'excusable neglect' will not excuse every error or omission in the conduct of litigation.").  It therefore holds that relief under Rule 60(b)(1) is not warranted.

IV.     Conclusion

Thus, for the foregoing reasons, the Court DENIES Plaintiff's motion to vacate the dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 60(b)(1).

**IT IS SO ORDERED.**